UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
6093299 CANADA INC. D/B/A GABRIEL SCOTT,

                               *Plaintiff,*

- against -

VNT, CORP. D/B/A AVENUE LIGHTING
AND JOHN TITIZIAN,

                               *Defendants.*
-------------------------------------------------------------------X

**CASE NO.: 16-CV_____**

**COMPLAINT**

*(JURY TRIAL DEMANDED)*

Plaintiff, by its attorneys Oved & Oved LLP, complaining of the Defendants, upon information and belief alleges as follows:

## PARTIES

1. Plaintiff (also referred to herein as "Gabriel Scott") is a duly authorized Canadian Federal Corporation with a place of business at 6600 St. Urbain Street, Suite 200, Montreal Quebec H2S 3G8 and with a showroom in Manhattan's prestigious Nolita district.

2. Defendant VNT, Corp. d/b/a Avenue Lighting ("Avenue") is a California Corporation with a principal place of business at 18324 Oxnard Street, Suite No.2, Tarzana, CA 91356.

3. Defendant John Titizian ("Titizian") is the principal of Avenue Lighting with an address of 7521 Bovey Avenue, Reseda, CA 91335 (collectively, Titizian and Avenue are referred to as "Defendants").

4. Avenue sells its lighting fixtures throughout the Country through authorized dealers, many of whom are located in New York City.

5. Titizian is the principal, president and operator of Avenue.

6. Titizian is responsible for all decisions regarding Avenue's manufacturing and

sales.

7. Titizian has willfully directed and profited from the activities of Avenue that give rise to the instant litigation.

**JURISDICTION & VENUE**

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), New York General Business Law §§133, 349, and 360, and the common law of the State of New York.

9. This Court has supplemental jurisdiction over any and all state court claims pursuant to 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

**A.    Gabriel Scott**

11. Since 2004, Plaintiff's principals, Gabriel Kakon and Scott Richler have utilized their rich backgrounds in architecture, industrial design, and fashion to bring creativity and style to the furniture world.

12. In 2012, the duo launched Gabriel Scott to bring their unique style and creativity to the world of lighting.

13. Plaintiff's lighting is manufactured in Canada and sold, for the "to-the-trade" market in both the United States and Canada through, *inter alia*, its showroom in Nolita.

**B.    The Welles Lighting Trade Dress**

14. Since in or about May 2013, Plaintiff has sold a line of light fixtures under the name "Welles Series."

15. The Welles Series is based exclusively on the geometric shape known as a cuboctahedron (  ) which is then utilized alone or in a series of interconnected cuboctahedrons, which are manipulated in different ways to offer modular and customizable light-systems that form a sculptural and organic shape in all of its various configurations and dimensions.

16. The Welles Series is manufactured with laser cut and machined steel parts that are then painted or plated to have a solid color on the outside (black or white) and a plated metallic finish on the inside (brass, copper or nickel).

17. Available in a single suspended unit, bouquet structures and chandeliers, the Welles Series is offered in several configurations all based on the same, instantly recognizable theme, some of which are shown below.









18.     Indeed, the unique, instantly recognizable, and inherently distinctive features of the Welles Series, which are unusual in the lighting field, constitute a product trade dress which instantly identifies the product as originating from Gabriel Scott (the "Trade Dress").  The Trade Dress is comprised of the aesthetic, non-functional, adornments on the Welles Series including, a combination of, *inter alia*, the Welles Series' (i) unique shape and flow of the lighting fixtures all comprised exclusively of cuboctahedrons; (ii) the striking exterior colors (black and white); and (iii) dramatically contrasting plated metallic interior finishes (nickel, brass and copper).

19.     The Welles Series and Plaintiff's Trade Dress received significant acclaim and notoriety and have been featured in many high-end hotels and boutique retailers.

20.     By way of non-exhaustive example, Plaintiff's Trade Dress was on display in the

famous window displays of Bergdorf Goodman, is featured in the Veridian Hotel in Boston, and is a central design element in all recently renovated Armani boutiques in Saks Fifth Avenue Stores throughout the Country.






21. The Welles Series and its Trade Dress were both prominently displayed at the NYC Design Trade Show ("ICFF") in both May 2013 and May 2014.

22. In addition, the Welles Series and its Trade Dress have received significant publicity and acclaim, being featured in articles in (i) the Wall Street Journal; (ii) Architectural Digest; (iii) Elle Décor; (iv) New York Magazine's Annual Design Issue; (v) the Financial Times; (vi) Surface Magazine, and (vi) Interior Design Magazine.

  

  

23. As a result of Plaintiff's continuous use of the Trade Dress, including advertising and marketing utilizing the Trade Dress, the Trade Dress has become an asset of substantial value to Plaintiff as a distinctive indicator of the origin and quality of these products.

24. By using the Trade Dress, Plaintiff has developed significant and valuable goodwill and distinctiveness in the eyes of the purchasers for the retailers to which Plaintiff sells as well as the consuming public.

C. **Avenue's Infringement of the Welles Trade Dress**

25. Disturbingly, Plaintiff has just discovered that Defendants have begun offering for sale at various trade shows and through their authorized dealers located through the Country, including New York City, a collection of lighting fixtures—the "Aspen Collection"—that

slavishly copies the same design and configuration of Plaintiffs' Trade Dress (the "Infringing Products").

26. Specifically, the design and configuration of the Infringing Products are confusingly similar to Plaintiff's Trade Dress because the Infringing Products utilize the exact same combination of (i) lighting fixtures comprised exclusively of cuboctahedrons; (ii) the striking, monochromatic exterior colors (black and white); and (iii) contrasting plated metallic interior finishes (nickel, gold and copper).

27. Samples of the Infringing Products are below:






28. While the likelihood of confusion between the Infringing Products and Plaintiff's Trade Dress is obvious given that the Infringing Products slavishly copy Plaintiff's Trade Dress, a comparison between Plaintiff's Trade Dress and the Infringing Products are shown below:



29. As such, Defendants' Infringing Products are confusingly similar—if not identical—to Plaintiff's Trade Dress.

30. The damage caused by Defendants' infringement has not only taken, and will continue to take, sales away from Plaintiff. but has also, and will continue to, devalue Plaintiff's Trade Dress, its goodwill, and that of Plaintiff itself, because Defendants' Infringing Products are of inferior quality and being sold to, and displayed at, lower end establishments.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Trade Dress Infringement Under 15. U.S.C. § 1125(a))**

31.     Plaintiff repeats and realleges the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

32.     Plaintiff has been continually using the Trade Dress in interstate commerce since 2013.

33.     The Trade Dress is non-functional in that it applies to the overall appearance and total image of the Welles Series.

34.     As a result of Plaintiff's extensive use, advertising, and the attendant notoriety of the Welles Series, together with the uniqueness and distinctiveness of the Trade Dress, Plaintiff's Trade Dress has acquired secondary meaning in that it is an indication that Plaintiff is the source of the lighting fixtures bearing the Trade Dress.

35.     Defendants have used and continue to willfully and improperly use the Trade Dress in interstate commerce on the Infringing Products, and their sale of the Infringing Products has and is likely to continue to cause confusion with Plaintiff's Trade Dress.

36.     Defendants' unlawful acts have damaged Plaintiff and will continue to cause damage and irreparable injury to Plaintiff unless enjoined by this Court.  As such, Plaintiff is entitled to a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116(a).

37.     Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Trade Dress and Plaintiff's business operations, trade name, reputation and goodwill, the exact amount to be determined at trial but to include Plaintiff's lost profits and Defendants' illicitly earned profits, trebled.

## SECOND CAUSE OF ACTION
### (Common Law Unfair Competition)

38. Plaintiff repeats and realleges the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

39. Defendants have misappropriated the results of Plaintiff's labor, skill and expenditures through fraud, deception and other tortious conduct.

40. Defendants have and continue to unfairly compete with Plaintiff by improperly utilizing Plaintiff's Trade Dress to sell the Infringing Products.

41. Plaintiff has suffered and will continue to suffer injury and irreparable harm as a result of Defendants' willful misappropriation and deliberate misuse of Plaintiff's Trade Dress.

42. Plaintiff has no adequate remedy at law.

43. In addition, Defendants' acts have also caused substantial monetary damage to Plaintiff and Plaintiff's business operations, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Unlawful and Deceptive Acts and Practices Under New York General Business Law § 349)

44. Plaintiff repeats and realleges the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

45. Defendants' offers to sell, sales, distribution, promotion, or advertisement of the Infringing Products, in competition with Plaintiff, violates section 349 of New York General Business Law.

46. Plaintiff's Trade Dress is entitled to protection under New York law.

47. Plaintiff's Trade Dress has a distinctive appearance that is non-functional, and has also acquired substantial secondary meaning in the marketplace through Plaintiff's extensive and continuous use, advertising, promotion, and sales of products bearing Plaintiff's Trade Dress.

Through that extensive and continuous use, advertising, promotion, and sales, Plaintiff's Trade Dress became a well-known indicator of the origin of Plaintiff's products before Defendants' unauthorized use.

48.     Defendants' sale of the Infringing Products and/or colorable imitations thereof, constitutes a deceptive act and/or practice in the conduct of Defendants' business, trade and/or commerce, and a false designation of origin and/or unfair competition that is likely to cause consumer confusion, mistake, or deception as to the origins, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiff.

49.     Defendants' deliberate and willful use of the Trade Dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to Plaintiff's goodwill and reputation.

50.     As a result, Plaintiff is entitled to injunctive relief.

51.     Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Plaintiff's Trade Dress and Plaintiff's business operations, trade name, reputation and goodwill, the exact amount to be determined at trial but to include Plaintiff's lost profits and Defendants' illicitly earned profits, and enhanced damages, together with costs and reasonable attorney fees.

**FOURTH CAUSE OF ACTION**
**(Unlawful and Deceptive Acts and Practices under New York General Business Law § 133)**

52.     Plaintiff repeats and realleges the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

53.     Defendants' offers to sell, sales, distribution, promotion, or advertisement of the

Infringing Products, in completion with Plaintiff, violates section 133 of New York General Business Law.

54.     Plaintiff's Trade Dress is entitled to protection under New York law.

55.     Plaintiff's Trade Dress has a distinctive appearance that is non-functional, and has also acquired substantial secondary meaning in the marketplace through Plaintiff's extensive and continuous use, advertising, promotion, and sales of products bearing Plaintiff's Trade Dress. Through that extensive and continuous use, advertising, promotion, and sales, Plaintiff's Trade Dress became a well-known indicator of the origin of Plaintiff's products before Defendants' unauthorized use.

56.     Defendants' willful sale of the Infringing Products, constitutes a deceptive act and/or practice in the conduct of Defendants business, trade and/or commerce, and a false designation of origin and/or unfair competition that is likely to cause consumer confusion, mistake, or deception as to the origins, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiff.

57.     Defendants' sale of the Infringing Products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to Plaintiff's goodwill and reputation.

58.     Defendants' willful use of Plaintiff's Trade Dress and/or colorable imitations thereof has been intentional, willful, and with the intent to deceive and/or mislead the public as is evidenced by the identical nature of Plaintiff's Infringing Products to Plaintiff's products and Plaintiff's Trade Dress.

59. As a result, Plaintiff is entitled to injunctive relief.

**WHEREFORE**, Plaintiff hereby requests that this Court grant it the following relief:

i. an order permanently enjoining and restraining the Defendants, their respective officers, agents, representatives, successors, assigns, affiliates, servants, employees, licensees, attorneys and all those acting in concert or in participation with Defendants from manufacturing or selling any goods similar to, derived from, or otherwise utilizing, copying or incorporating Plaintiff's Trade Dress;

ii. an order directing Defendants to immediately provide Plaintiff with a detailed list of all Infringing Products in Defendants' possession as well as a list of all Infringing Products sold by Defendants, and to whom such sales were made;

iii. on Plaintiff's First Cause of Action, an award against Defendants of actual damages and lost profits Plaintiff suffered as a result of Defendants' unlawful acts, as well as an award of Defendants' profits improperly earned from their infringement of Plaintiff's Trade Dress, trebled;

iv. on Plaintiff's Second Cause of Action, an award against both Defendants of damages in an amount to be determined at trial;

v. on Plaintiff's Third Cause of Action an award against both Defendants of damages in an amount to be determined at trial;

vi. an award of Plaintiff's attorneys fees and costs;

vii. an award of prejudgment interest to the full extent permitted by law; and

viii. an award of such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
       March 23, 2016

By: /s/ Darren Oved
Darren Oved, Esq.
Aaron J. Solomon, Esq.
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376